UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. MONTENEGRO,<br><br>    Plaintiff,<br><br>   v.<br><br>DR. ANTHONY,<br><br>    Defendant. | No. 1:23-cv-00474 KES GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DISMISSAL OF THIS MATTER FOR FAILURE TO PROSECUTE AND FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 19)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed without prejudice due to Plaintiff's failure to prosecute and his failure to obey a court order. Plaintiff will have fourteen days to file objections to this order.

I.     RELEVANT FACTS

On March 21, 2025, Plaintiff's complaint was screened. ECF No. 19. In the screening order, the Court found that the complaint failed to state an Eighth Amendment claim against Defendant. See id. at 8. As a result, Plaintiff was ordered either to file an amended complaint, to

1

file a notice with the Court indicating that he wished to stand on the complaint as screened, or to voluntarily dismiss the complaint. Id. Plaintiff was given thirty days to take one of these courses of action. Id.

More than thirty days have passed and Plaintiff has not responded to the Court's order, nor has he filed a request for an extension of time to do so. In addition, the Court's docket does not indicate that the Court's screening order was returned to it marked "undeliverable." See generally docket.

## II. APPLICABLE LAW

### A. Federal Rule of Civil Procedure 41(b) and Local Rule 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110. Only in rare cases will an appellate court question the exercise of discretion in connection with the application of local rules. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (upholding dismissal of case pursuant to district court local rule because plaintiff failed to file opposition to defendants' motion to compel/motion to dismiss).

### B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

## III. DISCUSSION

### A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

The fact that Plaintiff has: (1) failed to file a response to the Court's screening order, and (2) failed to request an extension of time to do so within the time allotted, both collectively warrant dismissal of this matter, in accord with Rule 41(b). This inaction on Plaintiff's part also warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local Rule 110.

### B. Application of Malone Factors Supports the Dismissal of This Case

#### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file a response to Court's screening order, either by filing an amended complaint; by notifying the Court that he wishes to stand on the screened complaint, or by voluntarily dismissing this action. Despite this fact, Plaintiff has failed to take any of these steps, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff's complete inaction in response to the Court's screening order indicates that has no interest in prosecuting this case in a timely manner, is not a good use of the Court's already taxed resources. Moreover, keeping this matter on the docket until Plaintiff chooses to respond would clearly be an exercise in futility, and it would stall a quicker disposition of this case. Finally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter, irrespective of any

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

opposition to the instant recommendation of dismissal that Plaintiff might file after the issuance of this order.

### 2. Risk of Prejudice to Defendants

Furthermore, because the only named defendant has not yet been served with the complaint, nor become a part of this case, dismissing it will not prejudice the named Defendant. On the contrary, dismissal will benefit defendant because he will avoid a possible judgment being levied against him.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, Plaintiff has failed to respond to the Court's screening order for over three months now, and during that period he has not indicated to the Court in any way that he has any interest in continuing to prosecute this case. Given the fact that the Court's screening order served on Plaintiff was not returned to it marked "undeliverable," this permits this Court to find that Plaintiff has received the Court's screening order but that he is simply choosing not to respond to it. See generally Local Rule 182(f) (stating absent notice otherwise, service of documents at prior address of pro se party is fully effective).

The Court's finding that Plaintiff is simply choosing not to respond to the Court's screening order and prosecute this case is further supported by the fact that a recent search on the California Department of Corrections and Rehabilitation's website for Plaintiff by his name and/or his prison ID number indicates that Plaintiff is still in state custody.[2] The Court takes judicial notice of this fact. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned). Thus, in the aggregate, without Plaintiff continuing to take an active role to move this matter forward, it cannot be disposed of on its merits.

## IV. CONCLUSION

---

[2] See https://ciris.mt.cdcr.ca.gov/search (search CDCR Number field for "F89617," or search First Name field for "Juan," Middle Name field for "Manuel" and Last Name field for "Montenegro") (last visited June 24, 2025).

4

1  For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute and for failure to obey a court order. Plaintiff shall be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This matter be DISMISSED without prejudice for failure to prosecute and for failure to obey a court order. See Fed. R. Civ. P. 41(b) and Local Rule 110, and

2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 25, 2025**            /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE